**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**OLIVIA BOONE, as Next**
**Friend of K.A., A Minor**                                **PLAINTIFFS**

**vs.**                                         **CIVIL ACTION NO.** _3:22-cv-46-KHJ-MTP_

**RANKIN COUNTY PUBLIC**
**SCHOOL DISTRICT**                                              **DEFENDANT**

## PLAINTIFFS' FIRST ORIGINAL COMPLAINT & PETITION FOR ATTORNEY'S FEES

Olivia Boone ("Ms. Boone"), as mother and next friend of K.A., a minor ("the minor child"), by and through her attorney of record, hereby files this, their Plaintiffs' First Original Complaint & Petition for Attorney's Fees against Defendant Rankin County Public School District ("the District"), and in support thereof would respectfully show unto the Court as follows:

## I.  INTRODUCTION/NATURE OF CASE

1.      Ms. Boone, on behalf of the minor child K.A., appeals the decision of a Special Education Hearing Officer for the Office of Special Education of the Mississippi Department of Education as entered in Case No. D01132021-17, styled *Olivia Boone, in the interest of the minor child, K.A., Complainant v. Rankin County School District, Respondent,* and further seeks to recover attorneys' fees and other relief as stated more specifically below.

## II.  PARTIES

2.      Plaintiff, Olivia Boone, is the parent and next friend of K.A., a minor student who lives in the Rankin County Public School District and attended school in the District from 2012 until 2017, when he was placed by Rankin County School District at Cares School, a private

1

separate facility for students with Autism whose needs cannot be met by the local education agency. Ms. Boone and the minor child are residents of Brandon, Rankin County, Mississippi.

3.      Defendant, Rankin County School District, is a political subdivision of the State of Mississippi and a local educational agency. The District is located within Rankin County, Mississippi, operating wholly within the United States District Court for the Southern District of Mississippi, Northern Division. It may be served with process through its Superintendent, Dr. Scott Rimes, at 1220 Apple Park Place, Brandon, Mississippi 39042.

### III.  JURISDICTION AND VENUE

4.      This action is brought pursuant to the Individuals with Disabilities Education Improvement Act (IDEA), 20 U.S.C. §1400 et seq. All administrative prerequisites to jurisdiction have been met. The Court has jurisdiction of this matter pursuant to 20 U.S.C. §1415 (i) (2) & (3).

5.      This Court has supplemental jurisdiction in this matter over all other state claims that are so related to claims in this action within such original jurisdiction that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). A substantial part of the events or omissions giving rise to these claims complained of by Plaintiffs occurred in Rankin County School District located in Brandon, Mississippi, and the Cares School located in Jackson, Mississippi.

### IV.  STATEMENT OF THE FACTS

7.      On January 13, 2021, Ms. Boone filed a Due Process Complaint with the Office of Special Education of the Mississippi Department of Education (MDE) pursuant to the Individuals with Disabilities in Education (IDEA) seeking compensatory relief from the District, pursuant to *Endrew F. ex rel. Joseph F. v. Douglas Cty. Sch. Dist. RE-1*, 137 S. Ct. 988, 197 L. Ed. 2d 335

(2017), in the form of appropriate placement, academic and related services for her child, training for the parent, as well as reasonable attorneys' fees for the following violations:

- Under the "Stay Put" provision of IDEA, Ms. Boone requested K.A. remain at CARES until the completion of the Due Process proceedings. 20 U.S.C. § 1415(j).

- The placement decision for Brandon Middle School was unilaterally predetermined by the District and completely dismissed the Parent's input. 34 C.F.R. §§ 300.305, 300.325, 300.501(c), *Burriola v. Greater Toledo YMCA*, 133 F. Supp. 2d 1034 (N.D. Oh. 2001), *Deal v. Hamilton County Bd. of Educ.*, 392 F.3d 840 (6th Cir. 2004), *Goleta Union Elem. Sch. Dist. v. Ordway*, 248 F. Supp. 2d 936 (C.D. Cali. 2002), *Ka. D. v. Nest*, 475 F. App'x 658 (9th Cir. 2012).

- Student was not invited to the IEP Meeting. Student should be involved in planning for transition to postsecondary living. Student's chronological age was 13-11-26 on the day of the IEP meeting, with his fourteenth birthday (November 14) occurring the same week as the November 9, 2020, IEP meeting. (State Board Policy 72.19 and 34 CFR §§300.43, 300.320)

- No plan has been written or implemented for Student to transition from CARES to Rankin County School District in a methodical, step-wise fashion. Parent expressed concerns about Rankin County School District's plan for multiple sudden transitions in the space of 9 months—from CARES to home (December 18, 2020), from home to Brandon Middle School (January 2021), from Brandon Middle School to home (May 2021), from home to Brandon High School (August 2021). (*R. E. B., individually and on behalf of his minor child, J.B. v. State of Hawaii Department of Education, Kathryn Matoyoshi in her official capacity as Superintendent of the Hawaii Public Schools*, 9th Circuit, 2017; *Student.D. v.*

*Solana Beach School*, 9 ECLR 74, 9th Cir. 2012; *P.V., a minor, by and through his Parents, Pedro Valentin and Yolanda Cruz, individually, and on behalf of all others similarly situated, et al. v. The School District of Philadelphia, et al.*, 2013)

- Failure to implement a transition plan from CARES to a Rankin County School was the result of Rankin County School District's failure to document, develop and implement the recommendations of the July 23, 2020, IEP committee. *(Goleta Union Elementary Sch. Dist v. Andrew Ordway* (C.D. Cal. 2002)).

- No program that provides a Free Appropriate Public Education (FAPE) following discharge from CARES was offered by Rankin County School District. No Individualized Education Program containing Present Levels of Academic Achievement and Functional Performance (PLAAFP), Baselines, Goals, Short Term Instructional Objectives, Services, Supports, Accommodations, Modifications, or Related Services was developed by the IEP Committee before this placement decision was predetermined by Rankin County School District Administrative Staff. (FAPE: 34 CFR § 300.101; Failure to provide FAPE: *Endrew F. v. Douglas County School District*; Predetermination without input by the Parents or the rest of the IEP Committee: *A.K., a minor by his Parents and Next Friends J.K. and E.S., v. Alexandria City School Bd.*, 4th Cir. 2007)

- The full continuum of placement options was not made available. Rankin County School District told the IEP Committee the self-contained classroom at Brandon Middle School was Student's only placement option. (34 CFR § 300.115; *JG v Douglas County School District,* 552 F.3d 786, 801, 9th Cir 2008, fn. 10 (citing *MS S v Vashon Island School District,* 337 F.3d 1115, 1131 (9th Cir 2003); *T. R. v. Kingwood Township NJ,* 3rd Cir. 2000).

4

- The Rankin County School District failed to consider the harmful effects that could be caused to K.A. by a change in placement.  (34 CFR § 300.116).

- Rankin County School District did not provide Parents with a Notice of a Meeting containing all required components prior to the November 9, 2020, IEP Meeting. (34 CFR § 300.322).

- Rankin County School District did not provide Parents with a copy of a Revised IEP (34 CFR § 300.322) following the November 9, 2020, IEP Meeting.

- Rankin County School District did not provide Parents with Prior Written Notice (34 CFR § 300.503) following the November 9, 2020, IEP Meeting.

8.      Following a Due Process Hearing on this matter that took place on 04/20-22/2021 and 07/28/2021, several undisputed facts were established that were ultimately dispositive of Ms. Boone's IDEA claims:

- There was a violation of FAPE under the *Endrew* standard because "[a] regression from the first grade to kindergarten after working under an IEP for six and a half years *is not progress and therefore does not meet the standard*." *Endrew F. ex rel. Joseph F. v. Douglas City Sch. Dist. RE-1*, 137 S. Ct 988 (2017). Order at 33 (emphasis added).

- An issue as to whether the IEP was "reasonably calculated to enable the student to receive educational benefits." *Klein Indep. Sch. Dist. v. Hover*, 690 F.3d 390, 396 (5th Cir. 2012). Order at 30.

- The IEP failed to take into consideration mandatory safety precautions before deciding where to transfer K.A. Order at 11.

- The District violated FAPE by making a predetermination of transitioning K.A. to Brandon Middle School before the IEP meeting and without the parent's consideration, which

5

ultimately led the IEP to fail under the *Michael F.* factors. *Cypress-Fairbanks Ind. Sch. Dist. V. Michael F. ex rel. Barry F*., 118 F. 3d 245 (5th Cir. 1997). Order at 22, 34.

9.     Following a comprehensive evaluation conducted in early 2014, the minor child was determined eligible for special education services, where he received an Individual Education Plan (IEP) with an Autism eligibility category.

10.     The Rankin County School District provided services in a class designed specifically for young students with Autism when K.A. was 6 years old. According to the mother, the child has made no progress and gained no meaningful skills since that program was disbanded in May of 2014. The minor child continued to struggle academically and perform below grade level and to have significant behavioral problems, including elopement, aggression towards others, and self-injurious behaviors.

11.     When he was 12 years old, K.A. eloped from the classroom at Brandon Elementary School. He was suspended for more than 10 days for this behavior which is related to his disability of autism and constituted a pattern of behaviors. K.A. was not afforded a Manifestation Determination Review. Eventually Rankin County School District placed K.A. in Cares School where he stayed for 3 years. Cares School is a separate facility located in Jackson, Hinds County, Mississippi, that provides educational services to students with autism, in a day program when student's needs cannot be met in the Local Education Agency's setting.

12.     The minor child is a 15-year-old male who has been provided special education through the Rankin County School district since kindergarten. He has been eligible for special education services since the age of 3 years old. Based on the limited evaluations conducted by Rankin County School District, the highest level of functioning achieved by K.A. was first-grade

level when he was 7 years old.  At 15 years of age, K.A. was functioning at kindergarten level, as testified to by Maureen Long, Principal at Cares School.

13.     Cares School conducted an IEP meeting on 11/09/2020 and told Mrs. Boone they were discharging K.A. because he was older than the other students in the class and they did not have an appropriate curriculum for K.A.'s needs.  Ms. Boone and her advocate disagreed with the placement in a self-contained classroom at Brandon Middle School because no plan was developed to prevent elopement or to address potential elopement events.  The district representative from Rankin County School District, Lisa Locke, testified Administration from Rankin County School District, Amy Bullock, made the determination that K.A. would be returning to his neighborhood school and be placed in a self-contained special education classroom, and no other options were on the table.

14.      Following the IEP meeting, there were no changes made to the minor child's IEP nor was a reevaluation conducted to determine present levels of academic or functional performance, academic and behavioral needs, or appropriate programming. An elopement prevention and response plan was not developed.

15.     The Impartial Hearing Officer found the Parent sustained the burden of proof in that the Child had been denied FAPE because the school district failed to conduct a re-evaluation during the previous 7 years; failed to consider and plan for harmful effects resulting from change in placement from a locked/gated Separate School (SD) to a neighborhood school, self-contained classroom (SC) with no elopement precautions; predetermined services; failed to invite K.A. to the meeting to develop the IEP that would be in place at the time he turned 14 years of age; made numerous procedural errors; and failed to consider Ms. Boone's legitimate educational (academic, functional, behavioral and safety) concerns for K.A. The violations resulted in a loss of educational

opportunity and seriously infringed on Ms. Boone's opportunity to participate meaningfully in the process of planning for provision of FAPE to the Child.

17.     A true and correct copy of the Hearing Officer's Decision and Order is attached hereto as Exhibit "A."

## V.  CAUSES OF ACTION

18.     **First Cause of Action:** The Hearing Officer erred when he failed to award compensatory educational services to the minor student. Compensatory education is required due to the District's numerous errors resulting in failure to provide FAPE to K.A. for the past eight years.  The Hearing Officer wrote, "Elopement is a recognized safety issue with K.A. which conceivably could have a catastrophic outcome. In K.A.'s case safety is a mandatory issue to be discussed when crafting his IEP."  The fact that the parent rejected the Hearing Officer's "stay put" placement in a school and classroom the Hearing Officer labeled as having a potentially "catastrophic outcome" does not negate her right to compensatory education. *Draper v. Atlanta Indep. Sch. Sys.*, 518 F.3d 1275, 1290 (11th Cir. 2008). Therefore, the minor child should be awarded compensatory services in the form of appropriate educational (academic, behavioral and functional) services identified through re-evaluation. In addition, the parent requires parent training and support to maintain, transfer and generalize skills K.A. learns in the educational environment to community and home settings.

19.     **Second Cause of Action:**  The Hearing Officer erred when he found the educational placement of the Child met the Least Restrictive Environment (LRE) provisions of the *State Policies Regarding Children with Disabilities under the Individuals with Disabilities Education Act Amendments of 2004.* Placement cannot be determined without a current evaluation and subsequent development of an IEP with accurate Present Levels of Academic Achievement

and Functional Performance, measurable baselines, specific measurable goals, and appropriate special education and related services. The IHO recognized a change in placement was unilaterally determined by school district administration, and there was no current evaluation from which to develop an appropriate IEP. In addition, the IHO found that a change from a locked facility to an unlocked school building for a child with elopement issues requires a fundamental change in the IEP. He noted, "Citing 34 CFR §300.116(b), the Eleventh Circuit concluded that predetermination is based on the logic that *a child's placement must be based on the contours of the child's IEP (emphasis added)*."  Id., 757 F. 3d at 1188.  Without an appropriate evaluation, there is no appropriate IEP. Without an appropriate IEP, it is impossible to determine Least Restrictive Environment. The Impartial Hearing Officer's statement, "complainant has raised various arguments regarding 'least restrictive environment.' I find none to have merit" contradicts his other correct findings regarding failure to reevaluate the student in a timely manner, lack of post-secondary transition planning, failure to consider and plan for harmful effects from change in placement, and unilateral predetermination of placement, all resulting in Rankin County School District's failure to provide FAPE.

20.     **Third Cause of Action**: In his "stay put" order, the IHO indicated placement at a separate school (SD) and placement in a self-contained classroom (SC) in a neighborhood school are the same environment. He opined these are merely changes in location. The Hearing Officer erred, as the separate facility and the self-contained classroom are, in fact, not the same setting on the continuum of placement options. The private separate school located in another city and county is a far more restrictive environment than a self-contained classroom in the student's neighborhood school. In his Due Process Opinion, the IHO again erred when determining a change from the locked separate private facility to a self-contained classroom in the student's neighborhood school

was merely a change in location, not a change in placement. K.A. was not discharged from Cares School because his needs had changed; he was discharged by the facility because of their lack of same-age peers and functional curriculum.  K.A. was not getting better in the separate facility, and there is no evidence that a less restrictive placement in a neighborhood school is appropriate.

21.     **Fourth Cause of Action**:  The Hearing Officer erred when he failed to fashion a remedy for Ms. Boone and K.A.  He erred in giving the school district, which failed to provide FAPE to K.A. for the past 8 years and has made numerous procedural errors, the authority to fashion the remedy for their many egregious errors. K.A. should receive an independent evaluation and immediate services from providers trained and certified in Applied Behavior Analysis, as he has regressed during the years Rankin County School District failed in their obligations. In addition, due to no appropriate offer of services during the pendency of the due process hearing, and continuing, K.A has regressed even further, demonstrating additional disruptive, aggressive and dangerous behaviors. Ms. Boone needs parent training to address K.A.'s behaviors and elopement risks at home and in the community. District personnel, who have continued to violate the rights of K.A., require training on the requirements of IDEA and State Board Policy 72.19.

22.     **Fifth Cause of Action:** The Hearing Officer erred when he failed to recognize a Transition Plan for K.A. from the Cares School to Rankin County School District was necessary because the IEP Committee found it to be necessary. The IEP Committee determined in July 2020 that K.A. required a transition plan before exiting the Cares School and such would be fashioned and implemented during the Fall 2020 semester. The decision was documented in the Prior Written Notice following the July 23, 2020 IEP meeting. The IEP Committee failed to develop or implement such transition plan. In addition, to facilitate an appropriate placement decision, the parent asked for permission to explore other locations within the school district that would meet

K.A.'s needs and provide for a small, safer setting than Brandon Middle School could provide. District staff conceded to Ms. Boone's request. However, when the LEA made the final placement decision, no other locations or placements were considered by the Committee, at the protest of Ms. Boone and her Advocate.

23.     **Sixth Cause of Action:** The Hearing Officer erred when he failed to make any determination regarding the procedural errors regarding failure to provide Notice of Meetings, Prior Written Notice, and IEP to the parent pursuant to the IEP meeting of November 9, 2020.

## VI.  PETITION FOR ATTORNEY'S FEES

24.     This Court should award attorney's fees to Plaintiffs. Under IDEA, the Court may award reasonable attorney fees to the prevailing parent of a child with a disability as part of the costs in an administrative hearing. 20 U.S.C. § 1415(i)(3)(B)(i)(I). *See also G ex rel. RG v. Fort Bragg Dependent Sch.; Devore v. District of Columbia*, 89 F. Supp. 3d 113 (D.D.C. 2015).

25.     While the Mississippi courts and legislature have not clearly defined what it means to be the prevailing party in an IDEA action, the Fifth Circuit has made such a definition. "Under the IDEA, a child is a prevailing party such that the child may receive attorneys' fees if he "attains a remedy" that: (1) "alters the legal relationship between the school district and the [child with disabilities]"; (2) "fosters the purposes of the IDEA"; and (3) "receives judicial imprimatur."" *Lauren C. ex rel. Tracey K. v. Lewisville Indep. Sch. Dist*., 904 F.3d 363, 374 (5th Cir. 2018) (internal quotation marks and citation omitted); *quoted* from *D.C. v. Klein Indep. Sch. Dist*., 860 F. App'x 894 (5th Cir. 2021).   Presently, K.A. would meet the definition of being the prevailing party as the hearing officer's determination alters the legal relationship between K.A. and the District, which fosters the purposes of the IDEA.

26.    Like in *G v. Fort Bragg*, K.A. was determined to have been denied FAPE by failing to prepare an adequate IEP. While the court in *G v. Fort Bragg* held attorney fees were not appropriate because the district's failure did not materially alter the parties' legal relationship, it is important to note that there has been a material alteration in the present case as K.A. received at least some relief on the merits of his claim against the defendant and that K.A. secured the relief at the time of the judgment. *Hewitt v. Helms*, 482 U.S. 755, 760-764. K.A. received relief on the merits of his claim about the District failing to provide K.A. with a FAPE and failed to consider elopement in his November 9, 2020, IEP and secured said relief when the hearing officer determined that elopement and safety was a mandatory issue to be discussed during IEP meetings as well as mandating that K.A. be re-evaluated and his IEP revised.

27.    Like in *D.C. v. Klein,* K.A. should be determined to be the prevailing party as the hearing officer's order clearly altered the relationship between K.A. and the District and fostered the purpose of IDEA by providing K.A. with the appropriate services to effectuate a FAPE which K.A. had not received prior to the request for a due process hearing. *Id*. Therefore, Plaintiffs are entitled to reasonable attorney's fees.

## **VII. PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs request that this Court take jurisdiction over this cause and, after a hearing on this matter, reverse the decisions of the Hearing Officer in this matter and grant the following relief:

a.    Grant Ms. Boone's and the minor child's request for an independent educational evaluation; compensatory educational services in the form of appropriate evaluation and services in a safe environment, such as The Perfect Child; as well as reasonable

attorney's fees; incurred in both the underlying administrative matter and this proceeding against the District.

b.  Provide such further or other relief as may be appropriate under the circumstances.

**RESPECTFULLY SUBMITTED** this the 31st day of January, 2022.

**OLIVIA BOONE, AS NEXT FRIEND OF K.A., A MINOR, PLAINTIFFS**

By: ___*/s/ Julian D. Miller*_____
JULIAN D. MILLER (MSB# 104377)
*Attorney for Plaintiffs Olivia Boone, as Next Friend of K.A., a minor*

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
210 East Capitol Street Suite 2200
Jackson, MS 39201-2375
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
Julian.miller@formanwatkins.com