UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| OLIVIA BOONE, as Next Friend of K.A., A Minor | PLAINTIFF |
| V. | CIVIL ACTION NO. 3:22-CV-46-KHJ-MTP |
| RANKIN COUNTY PUBLIC SCHOOL DISTRICT | DEFENDANT |

ORDER

Before the Court is Plaintiff Olivia Boone's, as Next Friend of K.A., a Minor ("Boone"), [38] Motion for Attorneys' Fees. For the reasons stated below, the Court grants in part and denies in part Boone's [38] Motion.

I. Background

This is a dispute over attorneys' fees arising from litigation under the Individuals with Disabilities Education Act ("IDEA"). Defendant Rankin County Public School District ("the District") tried to transfer Boone's son to another school against Boone's wishes. Compl. & Pet. [1] ¶ 8. Boone filed a complaint with the Office of Special Education of the Mississippi Department of Education, alleging that the District's unilateral decision to transfer her son violated the IDEA. *Id.* ¶ 7. An impartial hearing officer agreed with Boone and ordered relief in her favor. Op. [20-7] at 37. But the hearing officer denied Boone's request for compensatory educational services and asked for additional briefing on the Boone's request for attorneys' fees. *Id.* at 38.

Boone then sued the District in this Court to appeal the hearing officer's denial of compensatory services and to recover attorneys' fees. [1] ¶ 1. The Court upheld the hearing officer's ruling, denied compensatory educational services, and found Boone was a prevailing party entitled to attorneys' fees. Order [24] at 22–29. Boone appealed, and the District cross-appealed. Notice of Appeal [25]; Notice of Cross Appeal [26]. But the Fifth Circuit affirmed the Court's decision in full. *See generally Boone v. Rankin Cnty. Pub. Sch. Dist.*, 140 F.4th 697 (5th Cir. 2025).

Boone now moves to recover $261,470.74 in attorneys' fees and costs. Pl.'s Mot. for Att'y Fees [38] ¶ 7. The District asks the Court to award "significantly less than [Boone] requests." Def.'s Resp. in Opp'n [42] at 1.

II.   Standard

Attorneys' fees can be granted to plaintiffs under the IDEA. *Reynolds Next Best Friend of J.R. v. George Cnty. Sch. Dist.*, No. 1:19-CV-426-TBM-RPM, 2023 WL 4939379, at *1 (S.D. Miss. Aug. 2, 2023). "Even if the court determines that a party is a prevailing party under the IDEA, this does not automatically entitle him to recover the full amount that he spent on legal representation." *Ector Cnty. Indep. Sch. Dist. v. V.B.*, 420 F. App'x 338, 343 (5th Cir. 2011) (citation modified).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, 23 F.4th 408, 415–16 (5th Cir. 2022) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). "But once calculated, the

2

party seeking modification of the lodestar under the *Johnson* factors bears the burden." *Id.* at 416.

III. Analysis

"Courts in the Fifth Circuit use a two-step process to determine the reasonableness of an award of attorneys' fees." *Rakestraw v. Cadence Bank*, No. 1:22-CV-00067-MPM-RP, 2024 WL 1337188, at *1 (N.D. Miss. Mar. 28, 2024) (citing *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 391 (5th Cir. 2016)). First, the court must calculate the lodestar. *McMillian v. Aberdeen Sch. Dist.*, No. 1:22-CV-117-SA, 2025 WL 611070, at *1 (N.D. Miss. Feb. 25, 2025) (citation modified). Second, the court looks to the *Johnson* factors to increase or decrease the lodestar amount. *Id.*

A. Lodestar Calculation

The Court begins by calculating the lodestar: "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Ducksworth v. City of Laurel*, No. 2:20-CV-114, 2024 WL 477014, at *2 (S.D. Miss. Feb. 7, 2024) (quoting *Hensley*, 461 U.S. at 437).

1. The Number of Hours Reasonably Expended

Boone submits 771.1 hours for her five-person legal team of two attorneys, a legal assistant, and two paralegals. *See* Forman Watkins Invoice [38-1]; Miller Invoice [38-2]; SPLC Invoice [38-3].[1] The District asks the Court to reduce that

---

[1] "Forman Watkins billed 346.10 hours on this matter at a rate of $375.00 for a lodestar of $129,787.50; Julian Miller, after departing from Forman Watkins, continued the case on appeal and billed 245 hours at a rate of $280 for a lodestar of $68,600.00; and

3

figure because Boone (1) improperly billed for clerical work, (2) included duplicative time entries, and (3) failed to exercise billing judgment. [42]. The Court partially agrees with the District's arguments and reduces the number of hours in Boone's fee request accordingly.

    a. Clerical Work

The District first attacks entries for clerical work performed by attorney Eugene Choi, paralegals, and legal assistants. [42] at 14–20.

Clerical work is not recoverable in an award of attorneys' fees, even where such clerical work is performed by an attorney. *See Lewallen v. City of Beaumont*, No. 1:05-CV-733-TH, 2009 WL 2175637, at *6—7 (E.D. Tex. July 20, 2009), *aff'd in part,* 394 F. App'x 38 (5th Cir. 2010) (subtracting hours attorneys spent doing clerical tasks from the lodestar). But the dividing line between clerical work and legal work is murky. Rather than provide a precise definition, courts often list examples of clerical tasks that are not compensable. *Malick v. NCO Fin. Servs., Inc.,* No. H-14-1545, 2015 WL 4078037, at *5 n.4 (S.D. Tex. July 6, 2015) (collecting cases that define "clerical" by example).

The District labels four of Eugene Choi's entries as clerical. [42] at 14.[2] Drafting applications, a notice of appearance, and calendaring meetings are clerical

---

Southern Poverty Law Center billed 180 hours at rates of $325.00 and $280.00, respectively for a lodestar of $54,459.00." [39] at 6.

  [2] The four challenged entries are as follows.

| Date | Time | Description |
|---|---|---|
| 10/18/2024 | 0.5 | Draft application to 5th Cir. |
| 10/21/2024 | 0.3 | Draft application for admission |
| 10/24/2024 | 0.4 | Draft notice of appearance |

tasks. *See Black v. SettlePou, P.C.,* No. 3:10-CV-1418-K, 2014 WL 3534991, at *6 (N.D. Tex. July 17, 2014) ("[H]ours spent drafting cover letters to the court, calendaring deadlines, filing appearance forms, ordering transcripts, reorganizing case materials, and filing notices of address change are not compensable because they are clerical in nature.") As a result, the Court removes 1.5 of Choi's hours from the lodestar calculation.

The District next challenges dozens of entries for paralegals and legal assistants. [42] at 14–20. Work performed by a legal assistant or paralegal "can only be recovered as attorneys' fees to the extent that the paralegal performs work traditionally done by an attorney." *City of San Antonio, Tex. v. Hotels.com, L.P.*, No. 5-06-CV-381-OLG, 2017 WL 1382553, at *6 (W.D. Tex. Apr. 17, 2017) (citation modified). Work "such as reviewing and calendaring deadlines, printing, copying, and filing documents, . . . loading and organizing computer databases," is clerical and non-compensable. *Id.* at *7 (collecting cases). And none of the entries at issue appear to be "for work similar to the work of lawyers." *Lamar Co., LLC v. Harrison Cnty. Sch. Dist.*, No. 1:17CV206-LG-RHW, 2017 WL 6452774, at *2 (S.D. Miss. Dec. 18, 2017). So the Court reduces the lodestar by 32.90 hours.

In sum, the Court removes 1.5 hours of Choi's time and 32.9 hours of paralegal time[3] from the lodestar.

---

| 03/11/2025 | 0.3 | Organize and set times for moot for 5th Circuit oral argument |

[3] Christina Smith, Susan Landaiche, and Susan Fijman each bill at an hourly rate of $125, which allows this Court to simply treat the reduction of the three individuals as a reduction from one individual.

5

b. Duplicative and Excessive Entries

Next, the District attacks two categories of entries: travel time for the Fifth Circuit oral argument and work related to Boone's [1] Complaint. [42] at 20–22.

Start with travel time. The Court agrees with the District that Choi's time spent "travel[ing] to and from New Orleans for the oral argument" was duplicative of Miller's time spent doing the same. [42] at 20. As the District points out, because "Miller argued this case before the Fifth Circuit," the Court should eliminate Choi's entries for accompanying Miller. *Id.* at 20. So the Court subtracts 11 hours of Choi's time from the lodestar.

The same analysis applies to Miller's travel time. Miller block-billed 9.2 hours for his travel time with the oral argument itself at his normal hourly rate of $325. [38-3] at 3. Combining travel time with oral argument time is problematic because courts often reduce time billed for travel by 50% of the attorney's rate unless the attorney provides evidence of legal work performed during travel time. *See, e.g.*, *McMillian*, 2025 WL 611070, at *6. Miller has provided no such evidence here. So the 9.2-hour entry must be reduced. A Jackson–New Orleans roundtrip takes about 6 hours. On that basis, the Court reduces the 9.2-hour entry to 1 hour of oral argument time and 6 hours of travel time. The six hours of travel time must be compensated at half of Miller's hourly rate.

The second category of challenged entries concerns the time Miller spent preparing for and filing Boone's [1] Complaint in this Court. [42] at 21. In December 2021, Miller billed 18.1 hours for work on an "appeal memo" and 4.7 hours "drafting

6

[IDEA] appeal complaint." [38-1] at 3–4. Then, Miller billed 77.3 hours drafting an "appeal brief." *Id.* at 4–5. In total, Miller billed 100.1 hours—$37,537.50 at Miller's requested rate—for Boone's [1] Complaint. That figure is unreasonable. *See Fralick v. Plumbers & Pipefitters Nat. Pension Fund*, No. 3:09-CV-0752-D, 2011 WL 487754, at *9 (N.D. Tex. Feb. 11, 2011) (finding 25.25 hours spent drafting a complaint was excessive with a more complex complaint than the one in this case). So the Court eliminates all but the 4.7 hours billed on December 23, 2021.[4] [38-1] at 3. The Court eliminates 95.4 hours of Miller's time from the lodestar because the 18.1 hours devoted to Miller's "appeal memo" and the 77.3 hours spent on the "appeal brief" are duplicative.

In sum, the Court reduces the lodestar in three ways for duplicative entries. First, the Court subtracts 11 hours of Choi's travel time from the lodestar. Second, the Court reduces Miller's 9.2-hour entry to 6 hours and compensates those hours at half of Miller's hourly rate. Third, the Court subtracts 95.4 of the 100.1 hours Miller spent on Boone's [1] Complaint.

    c. Improperly Documented and Excessive Time Entries

Finally, the District argues that "[m]any of Mr. Miller's and Mr. Choi's time entries are overly vague and/or block-billed, making it impossible to tell exactly how much time was spent on each task." [42] at 21. The District contends three areas show improperly documented or excessive time entries: (1) Miller's time entries

---

[4] Boone offers no explanation in her [43] Reply for billing 100.1 hours on a 13-page complaint, despite Defendant's objection to this billing as excessive. [42] at 21. As the fee applicant, Boone bears the burden of justifying the reasonableness of her attorneys' hours. *Hensley*, 461 U.S. at 437. She failed to do so here.

7

when he represented Boone through his solo practice; (2) Miller billing time for clerical work at his normal rate; and (3) Choi's time spent working on a reply brief. *Id.* at 21–22. Despite the District's argument that "[t]hese entries should be removed in whole," the Court finds that "the documentation supports an award of *some* amount of hours." *Id.* at 22; *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 325 (5th Cir. 1995).

A 10% reduction of both Miller's solo practice time entries and Choi's reply brief entries appropriately remedies this issue. *Id.* at 326 ("[I]n the exercise of [the court's] discretion and after a careful analysis of the record . . . [the court] deem[s] appropriate a ten percent reduction for inadequate documentation of the hours and fees requested for the [disputed time entries].") The Court reduces the lodestar by 24.5 hours for Miller's solo practice time and 3.5 hours for Choi's reply brief time.[5]

2. Reasonable Hourly Rate

"The second step of the lodestar analysis is to determine a reasonable hourly rate for each attorney." *McMillian*, 2025 WL 611070, at *4.

"Hourly rates should be computed according to the prevailing market rates in the relevant legal market." *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 380 (5th Cir. 2011) (citation modified). And "[i]t is [Boone's] burden to produce satisfactory evidence that the requested rates are in line with those prevailing in the relevant community for similar services by lawyers of reasonable comparable skill,

---

[5] Miller billed 245 hours representing Boone as a solo practitioner. *See* [38-1]. 10% of Miller's hours equals 24.5 hours. Choi billed 34.91 hours for the reply brief. *See* [38-3] at 4–5. 10% of Choi's hours for the reply brief equals 3.491 hours.

8

experience and reputation." *McMillian*, 2025 WL 611070, at *4 (citation modified). "[T]he reasonable rate is usually established by affidavits of other attorneys practicing in the district." *Sales v. Bailey*, No. 2:12-CV-56-SA-SAA, 2015 WL 1825060, at *2 (N.D. Miss. Apr. 22, 2015) (citing *Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993)).

The Court turns to the different rates proposed for all attorneys and staff in Boone's case. Those rates reflect work across three firms. While at Forman Watkins, Miller charged $375 per hour for his work and $125 per hour for legal assistant Christina Smith's work. [38-1] at 6. While working as a solo practitioner, Miller charged $280 per hour for his work. [38-2] at 2, 4, 8. While at the Southern Poverty Law Center ("SPLC"), Miller charged $325 per hour for his work, $280 per hour for attorney Eugene Choi's work, and $125 per hour for paralegals Susan Landaiche and Susan Fijman's work. [38-3] at 1.

Boone supports these rates by attaching a [38-4] Declaration from Henry L. Cassady, an Alabama attorney with around thirty years' experience in IDEA litigation. [38-4] at 12–13. Cassady litigated in this Court in 2023 with a judicially approved hourly rate of $325. *Id.* at 10. Boone also attaches Miller's resume as evidence of Miller's experience. Resume [38-5]. Miller has practiced law for 12 years in state and federal court. *See id.* He has litigated "issues of educational equity, children's rights, [and] special education" and "[d]rafted legislation . . . to be compliant with federal IDEA law." *Id.* at 1. Boone offers no evidence to support the rates of Choi, Smith, Landaiche, and Fijman. For the reasons below, the Court finds

9

the reasonable rates for Boone's five-person legal team as follows: $280 for Miller, $250 for Choi, and $125 for each paralegal and legal assistant.

      a. Julian Miller

Julian Miller's reasonable rate is $280. The District argues that Miller's three rates are unreasonable. [42] at 11. It cites two cases from this District—a five-year old and eight-year-old case—where the court determined an hourly rate of $200 for a Title VII case was appropriate for an attorney with about 10 years of experience, and an hourly rate of $225 for a freedom of speech case was appropriate for an attorney with nearly 30 years of experience. *Id.*

Cassady's [38-4] Declaration posits Miller's three rates are reasonable for an IDEA civil rights attorney. [38-4] at 4. But Cassady fails to acknowledge Miller's rate considering his experience. *See Thomas v. Reeves*, No. 3:18-CV-441-CWR-FKB, 2021 WL 517038, at *4–5 (S.D. Miss. Feb. 11, 2021) (finding an attorney with four decades of experience has a reasonable hourly rate of $450); *C.H. v. Rankin Cnty. Sch. Dist.*, No. 3:08CV84-DPJ-FKB, 2010 WL 11682312, at *4 (S.D. Miss. July 29, 2010), *aff'd sub nom. C.H., II ex rel. L.H. v. Rankin Cnty. Sch. Dist.*, 415 F. App'x 541 (5th Cir. 2011) (considering the hourly rate in comparison to the level of experience). For that reason, the Court finds Miller's $375 rate at Forman Watkins and the $325 rate at SPLC unreasonable.

The same cannot be said for the $280 rate Miller billed as a solo practitioner. The District's argument for a fee reduction below $280 falls short for three reasons.

First, the District cites an employment discrimination case, which provides little guidance on the prevailing rate in IDEA litigation. [42] at 11 (citing *Gardner v. CLC of Pascagoula, LLC*, No. 1:15CV423-LG-RHW, 2020 WL 426490, at *2 (S.D. Miss. Jan. 27, 2020)). Next, the District argues Miller's 12 years of experience are comparable to an attorney with three years of experience. *Id.* (citing *Stockstill v. City of Picayune*, No. 1:16CV4-LG-RHW, 2017 WL 6327578, at *2 (S.D. Miss. Dec. 11, 2017)). Wrong again. Experience shapes an attorney's hourly rate, and a lawyer with 12 years of experience should bill at a higher rate than one with only three years. *See C.H. v. Rankin Cnty. Sch. Dist.*, 2010 WL 11682312, at *4.

Finally, the District claims that this case is like a "relatively simple" freedom of speech action and that Cassady fails to prove the complexity of this matter. [42] at 11. But the District's only evidence of this alleged simplicity is a conclusory allegation that "garden-variety IDEA issues" were the focus of the litigation. *Id.* So that argument fails too.

At minimum, Boone substantiated Miller's $280 rate through Cassady's [38-4] Declaration. [38-4] at 10–11. The Court therefore finds that a reasonable hourly rate for a supervising attorney with Miller's experience is $280.

    b. Eugene Choi

The briefing for attorney Choi's rate is lighter. Boone provides no evidence to support Choi's $280 rate. For that reason, the District says Choi's rate of $280 is unreasonable. [42] at 12.

But Boone's failure to support Choi's rate does not end the analysis. True enough, "[g]enerally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." *Tollet v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002), *cert. denied*, 537 U.S. 883 (2002). That said, the Court may also rely on its own expertise in deciding the reasonableness of the hourly rate. *Gromer v. Mack*, No. 3:11-CV-0682-D, 2012 WL 28835, at *2 (N.D. Tex. Jan. 4, 2012) (citing *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004)). To make that determination, the Court may consider "1) the hourly rate on awards made by other judges in the same federal court division; 2) previous awards in the same case; and 3) the published billing rates of outside counsel retained by that party." *Miller v. Mgmt. & Training Corp.*, No. 3:14-CV-427-HTW-LRA, 2021 WL 4437596, at *20 (S.D. Miss. Sept. 27, 2021) (citing *Walker v. U.S. Dep't of Hous. & Urb. Dev.*, 99 F.3d 761, 770 (5th Cir. 1996)).

A modest reduction to Choi's proposed $280 hourly rate is warranted here given the limited evidence supporting that rate and his level of experience. An hourly rate of $250 is reasonable given the hourly rates customarily charged in other IDEA cases. *Reynolds,* 2023 WL 4939379, at *7 (listing rates in IDEA cases). The Court relies on its own expertise and experience and finds an hourly rate of $250 accurately reflects the prevailing market rate for a staff attorney of Choi's caliber.

      c. Christina Smith, Susan Landaiche, Susan Figman

Finally, the Court accepts the $125 hourly rate for the paralegals and legal assistants. The District argues the $125 hourly rates of Smith, Landaiche, and Fijman are unreasonable for the same reason it argued Choi's rate was unreasonable—Boone has offered no evidence to support these rates. [42] at 12. But Boone need only provide evidence that the paralegal rate aligns with the prevailing rate in this District. *McMillian*, 2025 WL 611070, at *4. Boone provides examples of similar hourly rates for paralegals and legal assistants, so this Court declines to depart from the proposed hourly rate of $125. [43] at 6–7.

    3. Lodestar Calculation

With the reductions explained above, the lodestar is as follows:

|  | Hours | Rate | Fees |
|---|---|---|---|
| Julian Miller (Forman Watkins) | 251.70 | $280 | $70,476.00 |
| Julian Miller (solo practice) | 220.50 | $280 | $61,740.00 |
| Julian Miller (SPLC) | 85.20 | $280 | $23,856.00 |
| Julian Miller (SPLC Travel) | 6 | $140 | $840 |
| Eugene Choi (SPLC) | 73.8 | $250 | $18,450.00 |
| Christina Smith (Forman Watkins) | 11.8 | $125 | $1,475.00 |
| Susan Landaiche (SPLC) | 3.3 | $125 | $412.50 |
| Susan Fijman (SPLC) | 1.80 | $125 | $225.00 |
| Total | 653.10 |  | $177,474.50 |

a. Billing Judgment Reduction

The Court must make one final adjustment to the lodestar because Miller failed to demonstrate billing judgment. The District says the Court "should reduce the [fee award] by a minimum of 10-15% to substitute for the exercise of billing judgment." [42] at 14 (citing *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006)). And the Court agrees. "Parties submitting fee requests are required to exercise billing judgment, which refers to the usual practice of law firms in writing off unproductive, excessive, or redundant hours." *McMillian*, 2025 WL 611070, at *2 (citation modified). "Billing judgment requires documentation of the hours charged and of the hours written off . . . ." *Saizan*, 448 F.3d at 799. When an attorney fails to provide documentation of billing judgment, the "proper remedy" is a "reduction of the award by a percentage intended to substitute for the exercise of billing judgment." *Id.*

Boone's attorneys provide no evidence of billing judgment, except for a single line on one of the three invoices. [38-2] at 8. The invoice Boone submitted for Miller's work performed as a solo practitioner indicates Miller "exercised professional judgment and no-billed approximately 37.5 hours of his time." [38-2] at 8. That lone assertion does not tell the Court what it needs to know. It does not identify which tasks were written off, why they were excluded, or how that reduction relates to the overall fee request. In other words, it gestures at billing judgment without showing it. Faced with this thin record, the Court cannot simply take counsel's word for it.

Therefore, to account for the exercise of billing judgment that should have occurred but was not adequately documented, the Court deducts 10% from the lodestar. *See Saizan*, 448 F.3d at 799. The final lodestar amount is therefore $159,727.05.[6]

B. Adjustments to the Lodestar Calculation

"There is a strong presumption that the lodestar award established by the district court is the reasonable fee." *Howe v. Hoffman-Curtis Partners Ltd.*, 215 F. App'x 341, 341 (5th Cir. 2007) (per curiam). Still, the Court "may enhance or decrease it based on the . . . *Johnson* factors." *McMillian*, 2025 WL 611070, at *1 (citation modified). These factors include:

- Time and labor required to represent the client
- Novelty and difficulty of the issues in the case
- Skill required to perform the legal services properly
- Preclusion of other employment by the attorney
- Customary fee charged for those services in the relevant community
- Time limitations imposed by the client or circumstances
- Amount involved and the results obtained
- Experience, reputation, and ability of the attorney(s)
- Undesirability of the case
- Nature and length of the professional relationship with the client
- Awards in similar cases[7]

---

[6] This is a two-step calculation. First, 10% of $177,474.50 is $17,747.45. Second, $177,474.50 minus $17,747.45 equals $159,727.05.

[7] The *Johnson* factors also included whether the fee was fixed or contingent, but the United States Supreme Court later held that this factor should not be considered. *See City of Burlington v. Dague*, 505 U.S. 557, 567 (1992).

15

*See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). In the end, the most critical factor in a court's analysis of attorneys' fees is the degree of success obtained. *See Hensley*, 461 U.S. at 436.

The Court has already analyzed the first, second, third, fifth, and ninth factors. The District offers three other arguments to reduce the lodestar: (1) Boone's limited degree of success; (2) Boone unreasonably protracted litigation; and (3) making IDEA litigation more desirable through large awards of attorneys' fees would result in fruitless litigation. [42] at 22–27.

    1. Limited Degree of Success

The District contends this Court should further reduce the lodestar because Boone had limited success at trial. *Id.* at 22. It says "[Boone] achieved very limited success after four years of litigation" because "K.A. received no benefit from the litigation because he never reenrolled in the District." *Id.* at 24. The Court finds this argument unavailing, because whether K.A. reenrolled in the District is unrelated to Boone's level of success. Boone managed to obtain non-contingent, autism-based services. Whether Boone utilized the services is immaterial to evaluating what Boone sought versus what she received. The Court declines to reduce the lodestar based on Boone's degree of success.

    2. Unreasonably Protracted Litigation

The District next argues that "[Boone] unreasonably protracted the final resolution of this dispute when she rejected the District's settlement offers in June of 2022 and January of 2024." *Id.* at 27. The June 2022 settlement did not offer any

16

attorneys' fees, which further litigation provided Boone. *Id.* at 4. Further, the January 2024 settlement offered services contingent on an evaluation of K.A., which is less than the certainty as to the services Boone received. *Id.* at 5. The Court declines to reduce the lodestar for this reason.

    3. Undesirability

Finally, the District argues that "a large fee award in this case is unreasonable and would only encourage IDEA attorneys to litigate regardless of whether the litigation provides or is likely to provide any real benefit to a disabled child." *Id.* at 27. Because the lodestar analysis adequately limits awards in cases of meaningless litigation, the Court declines to reduce the fee award any further.

  C. Costs and Expenses

The District does not contest the costs Boone seeks: $1,069.86 for Forman Watkins and $3,857.98 for SPLC. *See* [38-1] and [38-3]. Because the District offers no basis for disallowing these amounts, the Court adds uncontested costs of $4,927.84 to the fee award of $159,727.05. The final award therefore equals $164,654.89.

IV. Conclusion

For the reasons stated above, the Court GRANTS IN PART AND DENIES IN PART Boone's [38] Motion for Attorneys' Fees. The Court awards Boone $164,654.89 in attorneys' fees, costs, and expenses. In doing so, the Court has considered all the parties' arguments. Those arguments not addressed would not have altered the Court's decision.

SO ORDERED, this the 22nd day of December, 2025.

                                            s/ *Kristi H. Johnson*
                                            UNITED STATES DISTRICT JUDGE